UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES CORTEZ MCCOY,

                Plaintiff,

v.                                Case No. 18-cv-571-pp

PEDRO COLON, KIM SCHOEPP,
PAUL G. BONNESON, CAITLIN H. FIRER,
JULIA E. VOSPER, MARGARET KUNISCH,
BARRY PHILLIPS, TYRONE ST. JUNIOR,
and KATHERINE GINSBERG,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING COMPLAINT (DKT. NO. 1) AND DISMISSING CASE**

---

The plaintiff, who was confined at the Milwaukee County Jail when he filed this case, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights.[1] This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.  Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case

---

[1] On May 10, 2018, the plaintiff notified the court (in another case) that his address had changed to a street address in Milwaukee, Wisconsin. See McCoy v. California Lottery, Case No. 17-cv-1416-PP (E.D. Wis.).

1

without prepaying the civil case filing fee, if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 12, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $25.53. Dkt. No. 5. The plaintiff paid that fee on April 27, 2018. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee in the manner explained at the end of this order.

**II. Screening the Plaintiff's Complaint**

    A.    *Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. *The Plaintiff's Allegations*

The plaintiff alleges that on January 3, 2018, defendants Judge Pedro Colon, Assistant District Attorney Kim Schoepp, Attorney Caitlin H. Firer, and Attorney Paul Bonneson "lied & told me it's (2) sets of probable cause & judicial determination sheets that I'll get in my criminal case." Dkt. No. 1 at 3. The plaintiff states that he had one copy, which was not endorsed, in violation of his Fourth and Fourteenth Amendment rights. Id. The plaintiff alleges that Paul B. (presumably defendant Paul Bonneson) told him he would get the other copy from defendant Schoepp, "which [defendant] Commissioner Julia E. Vosper illegally signed on the date the 1st, should've been endorsed 7/11/16 which is not the truth." Id. at 3-4. Defendants Commissioner Barry Phillips, Tyrone St. Jr., and Katherine Ginsberg allegedly violated the plaintiff's

3

Fourteenth Amendment rights when they proceeded with the case when the probable cause and judicial determination sheet wasn't endorsed; he does not explain who defendants Street and Ginsberg are. Id. at 4. "To make things short & clear my 1st copy of my probable cause & judicial determination sheet wasn't endorsed & they had Commissioner Julia E. Vosper forge a signature." Id.

The plaintiff alleges that on October 2, 2017, defendants Judge Colon, Schoepp, and Firer violated his Fourteenth Amendment due process rights when they lied and stated that a deputy told them he refused to go to trial that day. Id. The plaintiff allegedly asked defendant Judge Colon which deputy said that, but Judge Colon would not tell him. Id. The plaintiff also alleges that defendant Judge Colon stated that the plaintiff was incompetent (the plaintiff says that he is not), and denied him his right to represent himself in court. Id.

For relief, the plaintiff seeks "[t]o have my case started over in summary if need be or dismissed" and $2 million. Id. at 5.

C.  *The Court's Analysis*

Based on Wisconsin online court records, the events the plaintiff describes appear to have taken place in his criminal case, State of Wis. v. James C. McCoy, Milwaukee County Case Number 2016CF3147. See https://wcca.wicourts.gov (last visited July 24, 2018). When the plaintiff filed this civil rights case, that criminal case was open. See id. On May 3, 2018, however—about three weeks after the plaintiff filed this federal case—the state criminal case was dismissed. See id. The docket entry from that date reads, in

4

part: "State's unable to proceed to Jury Trial due to essential witness unavailability. Defense motion to Dismiss is GRANTED by the Court without prejudice. Court VACATES Jury Trial date." Id.

Because the plaintiff's criminal case was dismissed, his claim that he was not permitted to represent himself at *trial* is moot. There was no trial at which he could have represented himself. The plaintiff's claims against Judge Colon, Commissioner Vosper and Commissioner Phillips are barred by the doctrine of judicial immunity: "[J]udges are absolutely immune from awards of damages for acts taken in a judicial capacity, whether or not the judges erred in conducting the litigation." Myrick v. Greenwood, 856 F.3d 487, 488 (7th Cir. 2017) (citations omitted). As for the plaintiff's other claims, the plaintiff does not have a constitutional right to have two copies of his probable cause and judicial determination sheet. The court is not aware of any law or constitutional provision that says that a state court cannot proceed with a case if a probable cause sheet is not "endorsed," nor can the court tell from the plaintiff's allegations what Street's and Ginsberg's roles were in the case. Finally, the plaintiff's assertions that various people "lied" to him are unsupported by any facts.

The plaintiff's complaint does not state any claims for which this court can grant relief. For this reason, the court will dismiss the complaint, and will instruct the clerk to note that the plaintiff has incurred a "strike" under the PLRA.

5

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1), because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the plaintiff shall pay the balance of the filing fee ($324.47) to clerk of court.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a

reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 24th day of July, 2018.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**